UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES EDWARD HARRIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> JULIE LAWSON, <br><br> Defendant. | CAUSE NO. 3:19-CV-1087-JD-MGG |

OPINION AND ORDER

James Edward Harris, Jr., a prisoner without a lawyer, filed a complaint against Warden Julie Lawson alleging he is being held at the St. Joseph County Jail instead of an Indiana Department of Correction facility, and that he is therefore denied access to programs that would allow him to earn a time cut, including educational programs. He further alleges that he is housed in conditions akin to maximum security when, if he were at an IDOC facility, he would be placed in a minimum-security facility. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Eighth Amendment requires prison officials to "provide humane conditions of confinement, . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). Denying Harris access to programs that he might qualify for if he were instead housed at an IDOC facility does not even come close to implicating the Eighth Amendment.

His claim fairs no better when considered under the Fourteenth Amendment. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." However, a criminal conviction provides due process for the loss of liberty caused by the incarceration of a prisoner. So in the prison context, the Fourteenth Amendment only requires additional

2

due process when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quotation marks and citation omitted). In the ordinary incidents of prison life "[t]here is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000) (internal quotation omitted). As explained, there is no Eighth Amendment violation here. Consequently, the denial of access to programs that could reduce the amount of time Harris must serve does not implicate a protected liberty interest. *Id. See also Soule v. Potts*, 676 F. App'x 585, 586 (7th Cir. 2017).

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on December 30, 2019

                                              /s/ JON E. DEGUILIO  
                                        JUDGE  
                                        UNITED STATES DISTRICT COURT